UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
:
DAN TEMPLE, JR.,                  :
:
        Plaintiff,       :   ORDER
:   11-CV-0759 (JFB)(ETB)
       – against –              :
:
N.Y.S. DEPARTMENT OF TAXATION &   :
FINANCE, et. al.,                 :
:
        Defendants.      :
:
----------------------------------X

JOSEPH F. BIANCO, District Judge:

    *Pro se* plaintiff Dan Temple, Jr. ("plaintiff") filed a complaint on January 24, 2011, against the defendants, N.Y.S. Department of Taxation & Finance, CCED Child Support Enforecement Section, State Farm Bank F.S.B, Edward Brehm, and Tammie Hildreth (collectively "defendants"). On January 24, 2011 plaintiff filed an application to proceed *in forma pauperis* and requested appointment of counsel. For the reasons set forth below, plaintiff's motion to proceed *in forma pauperis* is granted, and plaintiff's motion for the appointment of counsel is denied.

A. Motion to Proceed *In Forma Pauperis*

    The undersigned having failed to conclude on the present pleading that the within action is frivolous or malicious within the meaning of 28 U.S.C. § 1915,

    IT IS HEREBY ORDERED that plaintiff be and hereby is granted leave to file the within complaint without prepayment of the $350.00 filing fee or give security therefor; and

    IT IS FURTHER ORDERED that the superintendent of the facility in which plaintiff is incarcerated forward to the Clerk of the Court a certified copy of the prisoner's trust fund account for

1

the six months immediately preceding this order, in accordance with plaintiff's authorization annexed hereto; and

IT IS FURTHER ORDERED that the agency holding plaintiff in custody calculate the amounts specified by Title 28 U.S.C. § 1915(b), deduct those amounts from his prison trust fund account, and disburse them to the Clerk of the United States District Court for the Eastern District of New York; and

IT IS FURTHER ORDERED that the Clerk of the Court forward to the United States Marshal for the Eastern District of New York copies of plaintiff's summons, complaint, and this Order for service upon the defendant(s) without prepayment of fees; and

IT IS FURTHER ORDERED that the Clerk mail a copy of the within order, together with plaintiff's authorization, to the superintendent of the facility in which plaintiff is incarcerated and to the plaintiff; and

IT IS FURTHER ORDERED that the defendants answer the complaint. 42 U.S.C. § 1997e(g).

B. Appointment of Counsel

Pursuant to 28 U.S.C. § 1915(e)(1), courts may appoint an attorney to represent someone unable to afford counsel. Courts possess broad discretion when determining whether appointment is appropriate, "subject to the requirement that it be 'guided by sound legal principle.'" *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 171-72 (2d Cir. 1989) (quoting *Jenkins v. Chem. Bank*, 721 F.2d 876, 879 (2d Cir. 1983)). The Second Circuit set forth the principle as follows:

> [T]he district judge should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997) (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986)).

The Second Circuit also held that these factors are not restrictive and that "[e]ach case must be decided on its own facts." *Id.* at 61. A developed record assists the court in this regard. *See Brooks v. State of New York*, No. 92-CV-1508, 1992 WL 320402, at *3 (S.D.N.Y. Oct. 29, 1992) (denying, without prejudice, appointment of counsel based on pleadings' failure to satisfy Hodge's required threshold showing of likely merit).

Plaintiff commenced this action for deprivation of his constitutional rights under the color of state law by defendants, who allegedly prevented plaintiff's children from gaining access to plaintiff's money market accounts and failed to give him notice thereof and a fair hearing to oppose the actions. The Court has reviewed plaintiff's application and finds that the appointment of counsel is not warranted at this stage of the litigation because plaintiff has not satisfied the threshold requirement of *Hodge*, 802 F.2d at 61. Moreover, even apart from the threshold requirement, the Court is unable to conclude—after considering the above referenced *Hodge* factors in the context of the plaintiff's application and complaint—at this juncture in the litigation that the appointment of counsel is warranted. Specifically, the appointment of counsel is unnecessary for the issues raised in the complaint.

Accordingly, plaintiff's application for appointment of counsel is denied without prejudice to plaintiff renewing the application at a later stage of these proceedings, if circumstances warrant such an application.

C. Conclusion

For the reasons set forth above, plaintiff's application to proceed *in forma pauperis* is granted and plaintiff's application for the appointment of counsel is denied without prejudice and with leave to renew.

SO ORDERED.

JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

Dated: February 18, 2011
Central Islip, New York