UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

Nº 11-CV-0759 (JFB) (ETB)
_____

DAN TEMPLE, JR.,

Plaintiff,

VERSUS

N.Y.S. DEPARTMENT OF TAXATION & FINANCE, CCED CHILD SUPPORT ENFORCEMENT SECTION; STATE FARM BANK, F.S.B.; EDWARD BREHM; and TAMMIE HILDRETH,

Defendants.
_____

**MEMORANDUM AND ORDER**
February 15, 2012
_____

JOSEPH F. BIANCO, District Judge:

Plaintiff Dan Temple Jr. (hereinafter "plaintiff" or "Temple") brought this action against defendants N.Y.S. Department of Taxation & Finance ("DTF"), CCED Child Support Enforcement Section; State Farm Bank, F.S.B. ("State Farm"); Edward Brehm ("Brehm"); and Tammie Hildreth ("Hildreth"), pursuant to 42 U.S.C. § 1983,[1] alleging that defendants violated his right to due process by withdrawing money from plaintiff's bank account to satisfy past due child support without warning the plaintiff. Plaintiff also alleges that the child support levy imposed upon him by defendant DTF was invalid.

In two separate motions, defendants DTF and Brehm ("DTF defendants") and defendants State Farm and Hildreth ("State Farm defendants") moved to dismiss plaintiff's complaint, pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). For the reasons discussed herein, the Court grants defendants' motions to dismiss, and dismisses plaintiff's complaint in its entirety.

---

[1] Plaintiff also alleges that he seeks declaratory relief pursuant to 28 U.S.C. §§ 2201, 2202, and injunctive relief pursuant to 28 U.S.C. §§ 2283, 2284 and Federal Rule of Civil Procedure 65. However, upon an examination of plaintiff's complaint, it is clear that the only relief sought is money damages pursuant to 42 U.S.C. § 1983. In any event, to the extent plaintiff is attempting to assert claims for injunctive and declaratory relief, such claims are also dismissed on grounds of the *Rooker-Feldman* doctrine for the same reasons discussed *infra* with respect to the claims for monetary damages.

I. BACKGROUND

A. The Complaint

The following facts are taken from the complaint and are not findings of fact by the Court.[2] They are assumed to be true for the purpose of deciding this motion and are construed in a light most favorable to the plaintiff, the non-moving party.

The plaintiff has been incarcerated in South Carolina for approximately thirteen years. (Plaintiff's Opposition Brief ("Pl.'s Opp.") at 4.) In 2009, plaintiff worked while in prison and earned approximately $1900. (Complaint ("Compl.") at 4.) Of the money earned, plaintiff set aside $1500 in a fixed account at State Farm for the benefit of his children who resided in South Carolina. (Pl.s' Opp. at 4; Compl. at 4.) On May 27, 2010, State Farm stated that it had received a levy from DTF and released the funds in plaintiff's account. (Pl.'s Opp at 4-5.)

Plaintiff alleges that DTF never sent an "order" or warrant to plaintiff on January 5, 1999, July 25, 2006, March 4, 2009, and June 7, 2010.[3] (Id. at 4.) Plaintiff alleges that the warrants were unauthorized and the levy was fraudulent. (Id. at 5.)[4] Plaintiff alleges that State Farm failed to give him proper notice that the account would be subject to the levy and failed to safeguard plaintiff's account.[5] (Compl. at 5.)

B. Procedural History

Plaintiff filed his complaint on January 24, 2011. The DTF defendants filed their motion to dismiss on June 1, 2011. The State Farm defendants filed their motion to dismiss on June 2, 2011. Plaintiff filed his opposition to defendants' motions on September 12, 2011. The State Farm defendants filed a reply in support of their motion to dismiss on September 22, 2011. The DTF defendants filed a reply in support of their motion to dismiss on September 23, 2011. The Court has fully considered the submissions of the parties.

II. STANDARD OF REVIEW

When a Court reviews a motion to dismiss for failure to state a claim for which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), it must

---

[2] In addition, the Court considers the factual allegations in plaintiff's opposition to defendants' motions to dismiss. *See Davis v. N.Y.C. Dep't of Educ.*, No. 10-cv-3812(KAM)(LB), 2012 WL 139255 at *3 (E.D.N.Y. Jan. 18, 2012) ("In addition, because a *pro se* plaintiff's complaint must be construed liberally, it is appropriate for the court to consider the factual allegations in plaintiff's opposition materials to supplement the allegation in [plaintiff's] Complaint.")

[3] Attached to their Notice of Motion, the DTF defendants submit three warrants related to Temple's support arrears obligation docketed January 5, 1999 (Warrant ID C970129399W001), July 26, 2006 (Warrant ID C70129399W002), and February 19, 2009 (Warrant ID C970129399W003). (DTF Def.s' Notice of Motion, June 1, 2011, ECF No. 33.) The "Judgment Debtor" is listed as "Dan Temple" and the "Last Known Address" is listed as: "116 Crest Ave. Parrish AL 35580-3205." (*Id.*)

[4] Plaintiff also alleges that DTF failed to "allow an Order of DNA, to show the biological father of the child." (Compl. at 5.)

[5] The Court notes that the State Farm defendants have submitted three exhibits that address State Farm's notice to the plaintiff regarding the levy. In a letter dated June 1, 2010, State Farm informs plaintiff of the "Notice of Child Support" and informs plaintiff that funds in the amount of $1,508.34 are being held pending contact from DTF. (SF Defs.' Ex. C.) On June 8, 2010, a check was issued to DTF in the amount of $1,505.57. (SF Defs.' Ex. D.) In a letter dated June 8, 2010, State Farm informs plaintiff that funds from his account(s) in the amount of $1,505.57 had been sent to DTF. (SF Defs.' Ex. E.) Since these exhibits are beyond the pleadings, the Court does not consider them in connection with these motions to dismiss. However, even without those exhibits, the complaint must be dismissed for all the reasons discussed *infra*.

accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *See Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006). "In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege a plausible set of facts sufficient 'to raise a right to relief above the speculative level.'" *Operating Local 649 Annuity Trust Fund v. Smith Barney Fund Mgmt. LLC*, 595 F.3d 86, 91 (2d Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). This standard does not require "heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

The Supreme Court clarified the appropriate pleading standard in *Ashcroft v. Iqbal*, setting forth a two-pronged approach for courts deciding a motion to dismiss. 129 S.Ct. 1937 (2009). The Court instructed district courts to first "identify[ ] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth*.*" *Id*. at 1950. Although "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* Second, if a complaint contains "well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. at 1949 (internal citations omitted) (quoting and citing *Twombly*, 550 U.S. at 556–57).

The Court notes that, in adjudicating this motion, it is entitled to consider: "(1) facts alleged in the complaint and documents attached to it or incorporated in it by reference, (2) documents 'integral' to the complaint and relied upon in it, even if not attached or incorporated by reference, (3) documents or information contained in defendant's motion papers if plaintiff has knowledge or possession of the material and relied on it in framing the complaint, (4) public disclosure documents required by law to be, and that have been, filed with the Securities and Exchange Commission, and (5) facts of which judicial notice may properly be taken under Rule 201 of the Federal Rules of Evidence." *In re Merrill Lynch & Co., Inc*., 273 F. Supp. 2d 351, 356-57 (S.D.N.Y. 2003) (internal citations omitted), *aff'd in part and reversed in part on other grounds sub nom., Lentell v. Merrill Lynch & Co.*, 396 F.3d 161 (2d Cir. 2005), *cert. denied*, 546 U.S. 935 (2005); *see also Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("[T]he district court . . . could have viewed [the documents] on the motion to dismiss because there was undisputed notice to plaintiffs of their contents and they were integral to plaintiffs' claim."); *Brodeur v. City of N.Y.*, No. 04 Civ. 1859(JG), 2005 U.S. Dist. LEXIS 10865, at *9-10 (E.D.N.Y. May 13, 2005) (stating court could consider documents within the public domain on a Rule 12(b)(6) motion to dismiss).

### III. DISCUSSION

Liberally construing plaintiff's complaint, the Court finds that plaintiff asserts the following claims: (1) a due process claim against the DTF defendants and the State Farm defendants for failing to give plaintiff notice of the levy; (2) a due process claim against the State Farm defendants for failing "to [investigate] the Constitutional right of plaintiff [and

plaintiff's children" and closing the account before the fixed period ended; and (3) a due process claim against the DTF and State Farm defendants for "[untruthful] statement[s] of a service of [a] Warrant" and discrimination against plaintiff and his children. (Compl. at 5.)

A. The DTF Defendants' Motion to Dismiss

The DTF defendants move to dismiss plaintiff's complaint on the following grounds: (1) the DTF defendants are protected by Eleventh Amendment Immunity; (2) plaintiff does not have standing to sue the DTF defendants;[6] (3) the Court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine, (4) the complaint fails to state a cause of action against the DTF defendants; and (5) the complaint should be dismissed because plaintiff had adequate post-deprivation remedies. The Court examines the DTF defendants first and third grounds *infra* and concludes that, on either ground, plaintiff's complaint must be dismissed.[7]

1. Eleventh Amendment Immunity

The DTF defendants argue that they are protected by the Eleventh Amendment because DTF is a state agency and Brehm is a state official operating in his official capacity. For the reasons set forth below, the Court agrees with the DTF defendants.

a. Applicable Law

The Eleventh Amendment to the United States Constitution provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI. "The reach of the Eleventh Amendment has . . . been interpreted to extend beyond the terms of its text to bar suits in federal courts against states, by their own citizens or by foreign sovereigns . . . ." *State Emps. Bargaining Agent Coal. v. Rowland*, 494 F.3d 71, 95 (2d Cir. 2007) (quoting *Mohegan Tribe & Nation v. Orange Cnty.*, 395 F.3d 18, 20 (2d Cir. 2004)) (alterations in original). Thus, absent a state's consent to suit or an express statutory waiver, the Eleventh Amendment bars federal court claims against states. *Will*

---

[6] As an initial matter, the DTF defendants argue that plaintiff lacks standing to sue the DTF defendants because plaintiff cannot allege that he has suffered some actual or threatened injury as the result of the DTF defendants' putatively illegal conduct, and that plaintiff cannot show that the injury fairly can be traced to the challenged action. The DTF defendants argue that the acts plaintiff complains of were the result of determinations of the New York State Office of Temporary and Disability Assistance (OTDA) and various operations of law. The Court finds that as alleged, plaintiff's complaint states enough facts to create standing with respect to plaintiff's due process claim against the DTF defendants. Plaintiff challenges both DTF's procedures when executing a warrant and its compliance with procedures in place.

[7] The DTF defendants' other grounds to dismiss plaintiff's complaint are briefly described as follows. First, the DTF defendants argue that New York's child support enforcement procedures provide adequate due process as a matter of law and plaintiff's attempts to challenge the procedures is futile. Second, the DTF defendants argue that

because plaintiff had adequate post-deprivation remedies, including an appeal of the child support order and an Article 78 proceeding, the complaint should be dismissed. Third, the DTF defendants argue that the only warrant satisfied against plaintiff was the 1999 warrant, which became enforceable for twenty years in 1999. A challenge to this warrant pursuant to Article 78 is subject to a four-month statute of limitations, and thus plaintiff's claim is time-barred. Because the Court dismisses plaintiff's complaint pursuant to the Eleventh Amendment and the *Rooker-Feldman* doctrine, the Court need not reach these alternative grounds for dismissal.

4

*v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989). Eleventh Amendment immunity also extends to suits against state officers in their official capacities. *See id.* at 71 ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." (internal citation omitted)); *McNamara v. Kaye*, No. 06-CV-5169 (DLI)(CLP), 2008 WL 3836024, at *8 (E.D.N.Y. Aug. 13, 2008) ("[L]awsuits against state officers acting [in] their official capacity and lawsuits against state courts are considered to be lawsuits against the state.").[8]

### b. Analysis

Here, DTF is a state agency entitled to Eleventh Amendment Immunity. *See Walker v. New York*, 150 F. App'x 28, 29 (2d Cir. 2005) (upholding dismissal of plaintiff's claim against DTF on Eleventh Amendment grounds); *Johnson v. New York*, 21 F. App'x 41, 43 (2d Cir. 2001) (same). Thus, plaintiff's claim against DTF must be dismissed pursuant to the Eleventh Amendment.

After reading plaintiff's complaint and opposition, the Court concludes that plaintiff's claim with respect to defendant Brehm is one against Brehm in his official capacity. Thus, because this defendant is a state officer and because New York State has not waived its sovereign immunity for suits under § 1983,[9] Brehm is immune from suits in his official capacity.[10]

### 2. Lack of Subject Matter Jurisdiction Under the *Rooker-Feldman* Doctrine

The DTF defendants argue that plaintiff's claims are barred by the *Rooker-Feldman* doctrine because plaintiff's complaint is in essence an appeal from a state court judgment. For the reasons set forth below, the Court agrees with the DTF defendants.

### a. Applicable Law

Under the *Rooker-Feldman* doctrine – *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923), and *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983) – a United States District Court has no authority to review final judgments of a state court in judicial proceedings, except for constitutional challenges and reviews pursuant to an application for a writ of habeas corpus. As the Supreme Court explained, in the cases underlying the doctrine, "the losing party in state court filed suit in federal court after the state proceedings ended, complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgement." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 125 S. Ct. 1517, 1526 (2005); *see also Hoblock v.*

---

[8] A narrow exception to this rule exists for official-capacity suits against state officers seeking prospective injunctive relief. *See Will*, 491 U.S. at 71 n.10.

[9] *See, e.g.*, *Mamot v. Bd. of Regents*, 367 F. App'x 191, 192 (2d Cir. 2010) ("It is well-established that New York has not consented to § 1983 suits in federal court . . . .").

[10] Plaintiff alleges that he seeks injunctive and declaratory relief, which would provide a limited exception to Eleventh Amendment immunity. *See Ex Parte Young*, 209 U.S. 123 (1980). However, the limited exception does not apply here as plaintiff's complaint does not allege an ongoing violation of federal law and does not seek prospective relief. *See In re Dairy Mart Convenience Stores, Inc.*, 411 F.3d 367, 372 (2d Cir. 2005) (to determine whether a plaintiff's complaint falls within this exception, a court asks (1) "'whether [the] complaint alleges an ongoing violation of federal law,'" and (2) whether it "'seeks relief properly characterized as prospective.'" (quoting *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002))).

5

*Albany Cnty. Bd. of Elections*, 422 F.3d 77, 83-84 (2d Cir. 2005).

The Second Circuit has delineated four requirements for the application of the *Rooker-Feldman* doctrine: (1) "the federal-court plaintiff must have lost in state court"; (2) "the plaintiff must complain of injuries caused by a state-court judgment"; (3) "the plaintiff must invite district court review and rejection of that judgment"; and (4) "the state-court judgment must have been rendered before the district court proceedings commenced." *Hoblock*, 422 F.3d at 85 (internal citations and quotations omitted). The Second Circuit has classified the first and fourth requirements as "procedural" and the second and third requirements as "substantive." *See id*.

b. Analysis

The Court finds that the four requirements for the application of the *Rooker-Feldman* doctrine are met here.

The procedural requirements are satisfied in this action. First, as evidenced by plaintiff's complaint and opposition, plaintiff was ordered to provide a set amount of money for the support of his child who lived in New York. Plaintiff requested a DNA test with respect to his child in New York, and was denied. (Compl. at 5, Pl.'s Opp. at 9.) Second, the judgments were rendered before the district court proceedings were commenced on January 24, 2011.

The substantive requirements are also satisfied. Plaintiff is clearly complaining of injuries caused by a state-court judgment, namely the order or orders for plaintiff to pay child support and the order denying plaintiff a DNA test. Additionally, plaintiff invites the Court to review and reject the state-court judgment, and thus, this court lacks jurisdiction to hear this case. *See Storck v. Suffolk Cnty. Dep't of Soc. Servs.*, 62 F. Supp. 2d 927, 938 (E.D.N.Y. 1999) ("[A]n attempt to appeal the state court's decision . . . would clearly be barred by the *Rooker-Feldman* doctrine"); *Thaler v. Casella*, 960 F. Supp. 691, 697-98 (S.D.N.Y. 1997) (*Rooker-Feldman* "requires that an aggrieved state court litigant must pursue his claims directly in the state appellate courts and ultimately to the United States Supreme Court.").

Moreover, to the extent plaintiff contends that his claims are reviewable because they related to the alleged improper enforcement of the state court judgment rather than the judgment itself, the Court concludes that *Rooker-Feldman* also bars such claims because the enforcement is inextricably intertwined with the state court judgment. *See, e.g., Jackson v. Peters*, 81 F. App'x 282, 285-86 (10th Cir. 2003) (holding that *Rooker-Feldman* barred claim that funds garnished from federal employer pursuant to state child support order was unconstitutional); *Hill v. State of Wisconsin, Racine Cnty. Child Support Agency*, No. 04-C-0865, 2005 WL 1962999, at *2 (E.D. Wis. Aug. 12, 2005) ("Plaintiff also states in his response that he does not take issue with the state court's judgment that he was responsible for child support payments. Rather, he states that he challenges defendants' use of that judgment to seize funds he does not owe, falsifying documents that fabricate his debt, and subjecting him to abuse of process and false imprisonment. However, the state court determined that defendant owed back child support, that he was in default, and that he was in contempt and subject to commitment. Thus, the order allowed defendant to collect from plaintiff, and such efforts to enforce a state court judgment are inextricably intertwined with the judgment . . . . Thus, none of plaintiff's

6

arguments convince me that *Rooker-Feldman* does not apply.").

### B. State Farm Defendants' Motion to Dismiss

The State Farm defendants move to dismiss plaintiff's complaint on the following grounds: (1) plaintiff's claims are barred by the *Rooker-Feldman* doctrine; (2) state law discharges the State Farm defendants from liability stemming from the compliance with the DTF levy; (3) plaintiff's complaint fails to allege a sustainable cause of action for a violation of 42 U.S.C. § 1983; (4) the State Farm defendants' conduct was expressly permitted by plaintiff's contract with State Farm Bank; (5) plaintiff lacks standing to bring a claim, pursuant to 42 U.S.C. § 1983, with respect to alleged violations of his children's constitutional rights; and (6) the claims against defendant Hildreth are facially invalid. The Court examines the first, third and fourth grounds below and concludes that on each of these independent grounds, plaintiff's claim must be dismissed.[11]

#### 1. Lack of Subject Matter Jurisdiction Under the *Rooker-Feldman* Doctrine

For the reasons set forth *supra* Section III.A.2, the Court concludes that plaintiff's claims against the State Farm defendants must be dismissed pursuant to the *Rooker-Feldman* doctrine.

#### 2. Failure to State a Claim Pursuant to 42 U.S.C. § 1983

Even assuming *arguendo* that the claims would not barred by the *Rooker-Feldman* doctrine, the State Farm defendants contend that plaintiff's claim must be dismissed because it is clear from the pleadings that the State Farm defendants did not act under color of state law. The Court agrees.

##### a. Applicable Law

To prevail on a claim under Section 1983, a plaintiff must show: (1) the deprivation of any rights, privileges, or immunities secured by the Constitution and its laws; (2) by a person acting under the color of state law. 42 U.S.C. § 1983. "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993). An individual acts under color of state law when he or she exercises power "'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Polk Cnty. v. Dodson*, 454 U.S. 312, 317-18 (1981) (quoting *United States v. Classic*, 313 U.S. 299 (1941)). "Private parties are generally not amenable to suit under § 1983, because they are not state actors, although they may be liable where 'there is a sufficiently close nexus between the State and the challenged action

---

[11] The State Farm defendants' other grounds for dismissal are described as follows. First, N.Y. C.P.L.R. 5209 protects the State Farm defendants from common law claims that the bank and its officials should have investigated the validity of the warrant's execution. Second, although plaintiff has standing to assert violations of his constitutional rights with respect to the money in the account, plaintiff lacks standing to bring a § 1983 claim in his individual capacity based on an alleged deprivation of his children's constitutional rights. Third, plaintiff's claims against defendant Hildreth must be dismissed because plaintiff has failed to allege facts indicating her personal involvement in the alleged constitutional deprivations. The Court agrees with all of these alternative grounds. For the reasons set forth above and in the State Farm defendants' papers, the Court concludes that to the extent plaintiff asserts a common law claim against the State Farm defendants, claims on behalf of his children, and claims against defendant Hildreth, plaintiff's claims must be dismissed.

of the [private party] so that the action of the latter may be fairly treated as that of the State itself,' . . . or where they are 'jointly engaged with state officials' in a conspiracy to deprive the plaintiff of his constitutional rights." *Bhatia v. Yale Sch. of Medicine*, 347 F. App'x 663, 664-65 (2d Cir. 2009) (internal citations omitted).

It is axiomatic that private citizens and entities are not generally subject to Section 1983 liability. *See Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002); *Reaves v. Dep't of Veterans Affairs*, No. 08-CV-1624(RJD), 2009 WL 35074, at *3 (E.D.N.Y. Jan. 6, 2009) ("Purely private conduct is not actionable under § 1983, 'no matter how discriminatory or wrongful.'" (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)). However, "the actions of a nominally private entity are attributable to the state when: (1) the entity acts pursuant to the 'coercive power' of the state or is 'controlled' by the state ('the compulsion test'); (2) when the state provides 'significant encouragement' to the entity, the entity is a 'willful participant in joint activity with the [s]tate,' or the entity's functions are 'entwined' with state policies ('the joint action test' or 'close nexus test'); or (3) when the entity 'has been delegated a public function by the [s]tate.' ('the public function test')." *Sybalski v. Indep. Gr. Home Living Program, Inc.*, 546 F.3d 255, 257 (2d Cir. 2008) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 296 (2001)).

To demonstrate that a private party defendant was a state actor engaged in a conspiracy with other state actors under § 1983, a plaintiff must allege: (1) an agreement between the private party and state actors, (2) concerted acts to inflict an unconstitutional injury, and (3) an overt act in furtherance of the goal. *See Carmody v. City of New York*, No. 05-CV-8084 (HB), 2006 WL 1283125, at *5 (S.D.N.Y. May 11, 2006) (citing *Ciambriello*, 292 F.3d at 324-24). Vague and conclusory allegations that defendants have engaged in a conspiracy to violate plaintiff's constitutional rights must be dismissed. *See Ciambriello*, 292 F.3d at 325 (dismissing conspiracy allegations where they were found "strictly conclusory"); *see also Walker v. Jastremski*, 430 F.3d 560, 564 n.5 (2d Cir. 2005) ("[C]onclusory or general allegations are insufficient to state a claim for conspiracy under § 1983." (citing *Ciambriello*)); *Sommer v. Dixon*, 709 F.2d 173, 175 (2d Cir. 1983) ("A complaint containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss."); *Green v. Bartek*, No. 3:05CV1851, 2007 WL 4322780, at *3 (D. Conn. Dec. 7, 2007) ("The Second Circuit has consistently held that a claim of conspiracy to violate civil rights requires more than general allegations.").

b. Analysis

In the instant action, it is clear from the allegations in the complaint that the State Farm defendants cannot, as a matter of law, qualify as state actors within the meaning of § 1983. The State Farm defendants are a private bank and a bank employee.

In addition, plaintiff has alleged no facts that the State Farm defendants acted pursuant to (1) the coercive power of the state, (2) joint or entwined action with the state, or (3) a delegation from the state. Instead, plaintiff alleges, in a conclusory fashion, that the defendants "have a long history of working together, [since] the year of (2007), and join[t]ly in unconstitutional act." (Pl.'s Opp. at 15.) These conclusory allegations do not establish state action on the part of the State Farm defendants. Mere compliance with a state-issued levy will not

8

transform a private bank and its employees into state actors. *See McCarthy v. Wachovia Bank, N.A.*, 759 F. Supp. 2d 265, 276-77 (E.D.N.Y. 2011) ("Even if plaintiff were able to demonstrate a constitutional violation, his Section 1983 claim would still fail because the defendants were not acting under color of state law when they restrained his bank account."); *Watson v. Mahaffey*, No. C-08-59, 2008 WL 1740090, at *6, n.14 (S.D. Tex. Apr. 11, 2008) ("Defendants in this case were private actors who were *following* the law, not acting under color of state law, and Plaintiffs cannot bring a Section 1983 claim under the facts as alleged in their Complaint."); *see also Smith v. Kitchen*, 156 F.3d 1025, 1028-29 (10th Cir. 1997) (finding that compliance with tax levy did not subject officers and employees of a private bank to liability in a *Bivens* action, as "[i]n this case, where the only 'act' by the defendants was to comply with a lawful levy from the Internal Revenue Service, no reasonable person could conclude that the defendants can fairly be characterized as government actors.").

To the extent plaintiff attempts to argue that the State Farm defendants were engaged in a conspiracy pursuant to § 1983, the Court finds that any such allegations are wholly conclusory. Such "general allegations" do not survive a motion to dismiss. *Green*, 2007 WL 4322780 at *3. Because plaintiff's complaint does not adequately allege state action under § 1983, plaintiff's claim against the State Farm defendants must be dismissed.[12]

3. Plaintiff's Authorization of the State Farm Defendants' Actions

The State Farm defendants argue that because plaintiff's account documentation expressly authorized the State Farm defendants to comply with levies to the account, plaintiff cannot bring the present action. The Court agrees that, even if plaintiff's claims were not barred as discussed *supra*, plaintiff's claim is barred by the terms of his contract with the bank.

Since plaintiff challenges the authority by which State Farm released money from plaintiff's account, his agreement with State Farm is integral to the complaint. The State Farm defendants have submitted two certificates of "Time Deposit Application" made by plaintiff. "Where, as in this case, certain documents are integral to the complaint, [the Court considers] those documents in deciding the merits of the motion." *Interpharm, Inc. v. Wells Fargo Bank, N.A.*, 655 F.3d 136, 141 (2d Cir. 2011). Plaintiff had notice of these documents and does not challenge the authenticity of these documents in his opposition. *See Schnall v. Marine Midland Bank*, 225 F.3d 263, 266 (2d Cir. 2000) (considering plaintiff's Cardholder Agreement, account history and monthly statements on a motion to dismiss, as integral to the complaint).

Each application includes a signature card signed by the plaintiff. The signature cards expressly state that

> [b]y signing this document, the undersigned acknowledges that he/she is applying to open the type of account designated above and he/she agrees that such account, when

---

[12] In addition, "there is no requirement that a garnishee bank be required to investigate the validity of a restraining notice served upon it." *McCarthy v. Wachovia Bank, N.A.*, 759 F. Supp. 2d 265, (E.D.N.Y. Jan. 11, 2011). To the extent plaintiff alleges a violation of a constitutional right based on the State Farm defendants' failure to investigate the validity of the warrants, such a claim must be dismissed.

opened by State Farm Bank® will be subject to and he/she agrees to be bound by the terms, conditions, disclosures and agreements set forth in State Farm Bank's *Disclosures and Customer Agreements* and *Pricing Schedule for Consumer and Business Deposit Accounts* pamphlets (which will be provided separately), including, but not limited to State Farm Bank's Deposit Account Agreement . . . . The undersigned agrees to contact State Farm Bank immediately upon receipt of the *Disclosures and Customer Agreements* and *Pricing Schedule for Consumer and Business Deposit Accounts* pamphlets if he/she does not agree with the terms.

(SF Defs.' Ex. F, Certificates of Time Deposit Application Materials, ECF No. 34-9, at 5, 9.)[13]  State Farm Bank's Deposit Account Agreement includes a section titled "Garnishments, Levies, and Attachments," which states

[State Farm Bank] may use the funds in your account to satisfy a garnishment, levy, attachment, or other Legal Notice of any person named on the account. [State Farm Bank] may waive any objections, including paper service, in responding to such notices. . . . Any expenses arising from attachment, garnishment or levy of your account will be your responsibility. If You would be assessed a penalty, charge or fee for withdrawing funds or closing your account at the time funds are remitted pursuant to an attachment, garnishment or levy of your account, such penalty, charge or fee will be assessed against your account as if You had voluntarily withdrawn the funds or closed your account.

(SF Defs.' Ex. G, Disclosures and Customer Agreements, June 2, 2011, ECF No. 34-10 at 2.)

Thus, the contract between plaintiff and State Farm Bank expressly authorized the State Farm defendants to comply with a levy against plaintiff's account. "[I]t is a fundamental principle of contract law that a person who signs a contract is presumed to know its terms and consents to be bound by them." *Paper Express, Ltd. v. Pfankuch Maschinen GMBH*, 972 F.2d 753, 757 (7th Cir. 1992). "It is black letter law that parties are legally 'bound by the contracts they sign whether or not the party has read the contract as long as there is no fraud, duress or some other wrongful act of the other party.'" *McCarthy*, 759 F. Supp. 2d at 273 (quoting *Tuskey v. Volt Info. Scis., Inc.*, No. 00Civ7410, 2001 WL 873204, at *3 (S.D.N.Y. Aug. 3, 2001) (collecting cases)).

In his opposition papers, plaintiff does not dispute that he signed the application that included the reference to the Deposit Account Agreement or that he received the Deposit Account Agreement which included the language regarding garnishment. As such, plaintiff authorized the State Farm defendants' conduct. Plaintiff's claims against the State Farm defendants must be dismissed. *See McCarthy*, 759 F. Supp. 2d at 273-74.

### IV. LEAVE TO RE-PLEAD

Although plaintiff has not requested leave to amend or re-plead his complaint, the Court has considered whether plaintiff should be considered an opportunity to re-

---

[13] Because the State Farm defendants' Exhibit F does not include page numbers, the ECF page numbers are given.

10

plead. The Second Circuit has emphasized that

> A *pro se* complaint is to be read liberally. Certainly the court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.

*Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quotations and citations omitted). Under Rule 15(a) of the Federal Rules of Civil Procedure, the "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). However, even under this liberal standard, the Court finds that any attempt to amend the pleading in this case would be futile. As discussed in detail *supra*, plaintiff's claims against the DTF defendants are barred by the Eleventh Amendment and the *Rooker-Feldman* doctrine. Plaintiff's claims against the State Farm defendants are barred by *Rooker-Feldman*, the state action requirement of 42 U.S.C. § 1983, and plaintiff's contract with State Farm Bank. Accordingly, it is abundantly clear that no amendments can cure these (and other) defects in this case, and any attempt to re-plead would be futile. *See Cuoco*, 222 F.3d at 112 ("The problem with [plaintiff's] cause[ ] of action is substantive; better pleading will not cure it. Re-pleading would thus be futile. Such a futile request should be denied."); *see also Hayden v. Cnty. of Nassau*, 180 F.3d 42, 53 (2d Cir. 1999) (holding that if a plaintiff cannot demonstrate he is able to amend his complaint "in a manner which would survive dismissal, opportunity to replead is rightfully denied.").

## V. CONCLUSION

For the foregoing reasons, the defendants' pending motions to dismiss are granted, and the complaint is dismissed in its entirety. The Clerk of the Court shall enter judgment accordingly and close the case. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal taken from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: February 15, 2012
        Central Islip, NY

\* \* \*

Plaintiff is proceeding *pro se*. Defendants New York State Department of Taxation and Finance and Edward Brehm are represented by Eric Schneiderman, Attorney General of the State of New York, by Anne C. Leahey and Lori L. Pack, Assistant Attorney Generals, 300 Motor Parkway, Suite 205, Hauppauge, NY 11788. Defendants State Farm Bank, F.S.B. and Tammie Hildreth are represented by Brian Laurence Bank and Evan H. Krinick, Rivkin Radler LLP, 926 RXR Plaza, Uniondale, NY 11556.

11